**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOHN NEFF, | 3:09-cv-00271-HDM-VPC |
|     Plaintiff, | |
| vs. | **ORDER** |
| ELDON K. McDANIEL, *et al.*, | |
|     Defendants. | May 10, 2010 |

Before the court is plaintiff's motion for leave to file a first amended complaint (#32). Defendants opposed the motion (#34), and plaintiff replied (#35).

Plaintiff John Neff ("plaintiff"), a *pro se* prisoner, is currently incarcerated at Ely State Prison ("ESP") in the custody of the Nevada Department of Corrections ("NDOC") (#1-6, p. 2). Plaintiff filed his complaint in state court on April 16, 2009 (#1-2, p. 2), and defendants removed the case to federal court (#1). The District Court screened the complaint (#11). It dismissed some claims and ordered the filing of the complaint as to the remaining claims.[1] *Id.* p. 8. On December 30, 2009, the court issued a Report and Recommendation (#25), which recommended that the District Court grant defendants' motion to dismiss (#13) and thereby dismiss the remainder of plaintiff's claims.

However, the District Court adopted and accepted in part, modified in part, and rejected in part the Report and Recommendation. Specifically, it ordered that:

> 1.     The defendants' motion to dismiss plaintiff's Eighth Amendment claims for being housed with a Hepatitis C positive cellmate and for deprivation of basic necessities, and his Fourteenth Amendment Due Process claim for defendants' failure to follow regulations in placing him in administrative segregation, is hereby **GRANTED**. These claims are

---

[1] The court dismissed the following claims: plaintiff's Fifth Amendment claim alleging violations of the Double Jeopardy Clause and the Ex Post Facto Clause for the subsequent imposition of disciplinary detention pursuant to NDOC Internal Procedure 5.13; plaintiff's Fourteenth Amendment claims stemming from defendants' failure to provide him with notice or a hearing prior to placing him in administrative segregation; and plaintiff's Fourteenth and Eighth Amendment claims resulting from defendants' classification of plaintiff (#11).

1.                **DISMISSED WITHOUT PREJUDICE**, with leave to file an amended complaint;

2. The defendants' motion to dismiss plaintiff's Fourteenth Amendment Due Process claim based on the removal of plaintiff's personal property is **GRANTED**, and this claim is **DISMISSED WITH PREJUDICE**;

3. The defendants' motion to dismiss based on Eleventh Amendment immunity is **GRANTED**, and plaintiff's damages claims against defendants in their official capacities are hereby **DISMISSED**;

4. The defendants' motion to dismiss plaintiff's Fourteenth Amendment Equal Protection claim and his First Amendment retaliation claim is **DENIED**. Defendants' motion to dismiss on the basis of qualified immunity on both counts is **DENIED**;

5. Plaintiff's motion for a continuance under Fed. R. Civ. P. 56(f) is **DENIED AS MOOT**.

(#33, pp. 7-8).

       Plaintiff filed the instant motion ten days *prior* to the District Court's order. In it, plaintiff requests that the court grant leave to amend and file the amended complaint that he attached to the motion (#32). Defendants responded to the motion two days *after* the District Court's above order. In their response, defendants acknowledge that the District Court's order granting leave to amend (#34, p. 2); however, defendants object to the contents of the attached amended complaint as being "outside the scope of amendment." *Id.*

       Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading with the court's leave. In general, where leave to amend has been granted, no further court order is required. William W Schwarzer, A. Wallace Tashima, James M. Wagstaffe, *Federal Civil Procedure Before Trial* 8:1464 (The Rutter Group 2010). The court's local rule provides the authority for and the procedure by which parties file amended pleadings. *See* LR 15-1(b) ("After the court has filed its order granting permission to amend, the moving party shall file and serve the amended pleading.").

       Plaintiff complied with the applicable local rule in that he attached his proposed amended complaint to his motion to amend. *See* LR 15-1(a) ("... [t]he moving party shall attach the proposed amended pleading to any motion to amend ..."). Defendants would have this court rule upon the

2

1  attached pleading (#34, p. 3).  However, the court notes that plaintiff could not have drafted the
2  amended complaint pursuant to the District Court's order because he sent it to the court ten days
3  prior to issuance of the District Court's order.  Pursuant to the District Court's order and the local
4  rules, plaintiff must file his amended complaint *after* reviewing the District Court order.  Therefore,
5  this court cannot file the attached amended complaint. This makes sense because the court must
6  afford plaintiff have a full opportunity to comply with the District Court's order granting leave to
7  amend.

8        The order, however, did not specify the time within which plaintiff would be required to file
9  his first amended complaint.  *See* #33.  Therefore, the court sets a specified time for compliance as
10 ordered below.

11       The court directs plaintiff to review the District Court's order (#33) and file an amended
12 complaint pursuant to that order as well as the directions below.  The court will then conduct a
13 preliminary screening of plaintiff's amended complaint under 28 U.S.C. § 1915A.  After screening
14 and service of the amended pleading, any of the present defendants who remain in the case and any
15 new parties in the "First Amended Complaint" may address those claims at that time.  *See Nelson*
16 *v. Adams USA*, 529 U.S. 460, 466-67 (2000) (a new defendant has a due process right to be served
17 and respond to an amended pleading).

18       **IT IS THEREFORE ORDERED** that plaintiff's motion to amend (#32) is **DENIED** as
19 moot.

20       **IT IS FURTHER ORDERED** that plaintiff will have **thirty (30) days** from the date that
21 this Order is entered to file his first amended complaint, if he believes he can correct the noted
22 deficiencies.  The amended complaint must be a complete document in and of itself, and will
23 supersede the original complaint in its entirety.  Any allegations, parties, or requests for relief from
24 prior papers that are not carried forward in the amended complaint will no longer be before the court.
25 Failure to comply with this order will result in the dismissal of this action.

26       **IT IS FURTHER ORDERED** that plaintiff shall clearly title the amended complaint as such
27 by placing the words "FIRST AMENDED" immediately above "Civil Rights Complaint Pursuant
28 to 42 U.S.C. § 1983" on page 1 of the caption, and plaintiff shall place the case number, 3:09-cv-

1  00271-HDM-VPC in space for "Case No."

2  **IT IS FURTHER ORDERED** that the Clerk shall send to Plaintiff two copies of a blank
3  Section 1983 civil rights complaint form with instructions along with one copy of the original
4  complaint that he submitted.

5  **DATED:**     May 10, 2010.

_____
**UNITED STATES MAGISTRATE JUDGE**